UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL BEATTY, et al., | ) | Case No. 5:05 CV 1718 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving Docket No. 46) |
| JEFF URBAN, et al., | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Defendant Walter Wilson has moved for sanctions against plaintiffs and plaintiffs' counsel.  This motion followed deposition of Paul Beatty, who stated he had no memory of the event subsequent to being tasered and that his wife cannot identify the officer that allegedly kicked and kneed him.  The defendant seeks sanctions under Fed. R. Civ. P. 11, 28 U.S.C. §1927, and 42 U.S.C. §1988.  Promptly after defendant filed his motion for sanctions, the matter was scheduled for hearing on the same day as plaintiffs' response would have been due.  However, defendants  telephoned the court that they would be unavailable for hearing at this time.  Accordingly, the court will endeavor to resolve defendant's motion for sanctions  based upon the accompanying exhibits.

*Rule 11:*

Defendant did comply with Rule 11(c)(1)(A) 21-day "safe harbor" notice provision in October 2005.  However, the Rule 11 motion must be made separately.  *Id.*  Defendant has combined his Rule 11 motion with his other attorney fee requests and consequently the motion for sanctions under Rule 11 is procedurally defective and denied without prejudice.

5:05 CV 1718                                           2

*42 U.S.C. §1988:*

      The court notes the request for attorney fees under §1988 was filed within 14 days of dismissal as required by Rule 54(d)(2)(B) and in fact was filed a bit prematurely.  However, the request under §1988 fails to state the amount or estimate the amount of attorney fees sought against plaintiffs.  See *Id.*   Accordingly that part of defendant's motion for sanctions that concerns 28 U.S.C. §1988 and Rule 54(d)(2)(B) is denied without prejudice.

*28 U.S.C. §1927:*

      Finally, the unavailability of Rule 11 sanctions against opposing counsel does not rule out sanctions under 28 U.S.C. §1927.  See *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997), *cert. denied*, 522 U.S. 1046 (1998).  However, unlike Rule 11, ". . . the mere finding that an attorney failed to undertake reasonable inquiry into the basis of the claim does not automatically imply that the proceeding was intentionally or unreasonably multiplied." *Id.* at 298; *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992).  Once it becomes clear, though, that an attorney "not guilty of conscious impropriety 'intentionally . . . [pursues] a claim that lacks possible legal or factual basis,'" then counsel has engaged in *sanctionable* conduct falling short of the obligations posed as a member of the bar.  *Ridder*, 109 F.2d at 298, quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). Another difference between §1927 and Rule 11, is that §1927 only permits recovery against the attorney personally of the "excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."

5:05 CV 1718                                         3

      The Court finds plaintiffs' counsel did engage in sanctionable conduct.  On July 19, 2005, the plaintiffs amended their complaint and it was subsequently answered by defendants.  Beginning at that time plaintiffs' counsel engaged in discovery.  The court finds that the excess costs would have been incurred following Attorney Timothy R. Cleary's  December 14, 2005 letter to plaintiffs' counsel requesting dismissal of the lawsuit against his clients by pointing out that the exhibits produced by defendants established clearly that no deputy sheriff arrived until Paul Beatty had already been treated and was being taken on the gurney by Dover EMS personnel.  The deputy's sole participation was to assist in lifting the gurney into the EMS unit and he did not accompany Mr. Beatty to the hospital.  Given a total lack of any evidence to controvert defense counsel's statements at that time, plaintiffs' counsel acted vexatiously and multiplied the litigation by delaying dismissal from mid-December 2005 until April 2006.  However, there is no information on which the court can compute the excess amount of fees.  Accordingly, that aspect of defendant's motion for sanctions concerning 28 U.S.C. §1927 is also denied without prejudice.

*Motion denied without prejudice*.

      IT IS SO ORDERED.

                                                  s/James S. Gallas
                                        United States Magistrate Judge

Dated: April 13, 2006